UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4225

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM TURNER SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:07-cr-00011-D-1)

Submitted:  February 18, 2010         Decided:  February 23, 2010

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.   Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Turner Smith pled guilty to possession with intent to distribute crack cocaine and was sentenced to 336 months in prison. Smith's counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that he found no meritorious grounds for appeal, but suggesting that the district court erred in calculating the drug quantity for sentencing purposes and by denying Smith's motion for a downward variance. Although informed of his right to do so, Smith has not filed a pro se supplemental brief. The Government moves to dismiss Smith's appeal of his sentence on the basis of Smith's waiver of the right to appeal his sentence contained in his plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The district court informed Smith of the waiver at the Rule 11 hearing, and Smith stated that he understood. Moreover, Smith stated that he read and understood the plea agreement, which contained an explicit waiver of the right to appeal from his sentence, except in certain limited

circumstances not relevant here. On appeal, Smith does not challenge the voluntariness or the validity of the waiver. Therefore, we find that Smith knowingly and intelligently waived the right to appeal his sentence. Accordingly, we grant the Government's motion to dismiss Smith's appeal of his sentence.

We have carefully reviewed the record in accordance with Anders and have found no meritorious issues for appeal not covered by the waiver. Accordingly, we affirm Smith's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Smith in writing of his right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART